IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MELONY DIONNE WHITE, | * |
| Plaintiff, | * |
| vs. | *   Civil Action No.   ADC-15-0773 |
| CAROLYN W. COLVIN,<br>Acting Commissioner,<br>Social Security Administration, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

On March 17, 2015, Melony Dionne White ("Plaintiff") petitioned this court to review the Social Security Administration's ("SSA") final decision to deny her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). *See* ECF No. 1 ("the Complaint"). After consideration of the Complaint and each parties cross-motions for summary judgment (ECF Nos. 20, 21, 22), the Court finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). In addition, for the reasons that follow, Plaintiff's Motion for Summary Judgment (ECF No. 20) is DENIED, Defendant's Motion for Summary Judgment (ECF No. 21) is GRANTED, and the decision of the Social Security Administration is AFFIRMED.

**CASE BACKGROUND**

On June 22, 2009, Plaintiff filed a Title II application for a period of disability and disability insurance benefits. Plaintiff additionally filed a Title XVI application for supplemental security income. In both claims, Plaintiff alleged disability beginning on February 17, 2009. Both claims were denied initially and upon reconsideration on February 18, 2010 and August 16, 2010, respectively. Subsequently, on October 6, 2010, Plaintiff filed a written request for a

hearing. On May 13, 2011, a hearing was held before an Administrative Law Judge. Following that hearing, on July 29, 2011, the ALJ rendered a decision determining that Plaintiff "has not been under a disability, as defined by the Social Security Act, at any time from February 17, 2009, through the date of this decision (20 C.F.R. 404.1520(f))." ECF No. 14 at 175. Thereafter, Plaintiff requested review of the decision and, on February 24, 2012, the Appeals Council vacated the ALJ's decision and remanded the case for another hearing. On August 7, 2013, the second hearing was held before an Administrative Law Judge ("ALJ"). On October 31, 2013, the ALJ rendered a decision denying Plaintiff's claims for DIB and SSI. Thereafter, Plaintiff requested review of the decision on December 9, 2013, and on December 17, 2014, the Appeals Council affirmed the ALJ's decision. Thus, the decision rendered by the ALJ at the second hearing became the final decision of the Commissioner. *See* C.F.R. § 416.1481; *see also Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

On March 17, 2015, Plaintiff filed the Complaint in this Court seeking judicial review of the Commissioner's final decision.[1] On January 21, 2016, Plaintiff filed a Motion for Summary Judgment. On March 21, 2016, Defendant filed a Motion for Summary Judgment. On March 30, 2016, Plaintiff filed a Response to Defendant's Motions for Summary Judgment. This matter is now fully briefed and the Court has reviewed Plaintiff's Motion for Summary Judgement as well as Defendant's Motion for Summary Judgment and Plaintiff's Response to such.

### DISABILITY DETERMINATIONS AND BURDEN OF PROOF

In order to be eligible for DIB, a claimant must establish that he is under disability within the meaning of the Social Security Act. The term "disability," for purposes of the Social Security

---

[1] On May 27, 2016, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302 of the United States Court for the District of Maryland and upon consent of the parties, this case was transferred to United States Magistrate Judge A. David Copperthite for all proceedings.

Act, is defined as the "[i]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. A claimant shall be determined to be under disability where "his physical or mental impairment or impairments are of such a severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

In determining whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows the five-step evaluation process outlined in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). The evaluation process is sequential, meaning that, "[i]f at any step a finding of disability or non-disability can be made, the [Commissioner] will not review the claim further." *Barnhart v. Thomas*, 540 U.S. at 24; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, the Commissioner considers the claimant's work activity to determine if the claimant is engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 404.1520(b), 416.920(a)(4)(i), 416.920(b).

At step two, the Commissioner considers whether the claimant has a "severe medically determinable physical or mental impairment [or combination of impairments] that meets the duration requirement[.]" 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c).

At step three, the Commissioner considers the medical severity of the impairment. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the presumptively disabling impairments listed in the Code of Federal Regulations, then the claimant is considered disabled, regardless of the claimant's age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

At step four, the Commissioner will assess the claimant's residual functional capacity ("RFC") to determine the claimant's ability to perform past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can still perform past relevant work, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(e), 416.920(a)(4)(iv), 416.920(e).

At steps one through four of the evaluation, the claimant has the burden of proof. 20 C.F.R. §§ 404.1520, 416.920; *see Bowen v. Yuckert*, 482 U.S. 137, 146 (1987); *see also Radford*, 734 F.3d at 291. At step five, the burden shifts to the Commissioner to prove: (1) that there is other work that the claimant can do, given the claimant's age, education, work experience, and RFC (as determined at step four), and; (2) that such alternative work exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012); *See also Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). If the claimant can perform other work that exists in significant numbers in the national economy, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g)(1), 404.1560(c), 416.920(a)(4)(v). If the claimant cannot perform other work, then the claimant is disabled. *Id.*

## ALJ Determination

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that Plaintiff did not engage in substantial gainful activity since the alleged onset date of February 17, 2009. ECF No. 14 at 39. At step two, the ALJ found that Plaintiff had the following severe impairments: asthma, obesity, peripheral edema, and an affective disorder. *Id.* At step three, the ALJ further determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Pt. 404, Subpt P, App. 1. *Id.* In so making this determination, the ALJ found that "Claimant does not meet Listing 3.03 for asthma because she does not have chronic asthmatic bronchitis, or attacks in spite of prescribed treatment that require physician intervention, and occur at least once every two months or at least six time per year." *Id.* at 40. At step four, the ALJ determined that Plaintiff was unable to perform any past relevant work, *Id.* at 47-48. However, at step five, the ALJ concluded that, "considering the claimant's age, education, work experience, and residual functional capacity, the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy." *Id.* at 49. The ALJ therefore concluded that, "[a] finding of 'not disabled' is therefore appropriate under the framework of the above-cited rule [Medical-Vocational Rule 202.21]." *Id.*

## Standard of Review

"This Court is authorized to review the Commissioner's denial of benefits under 42 U.S.C.A. § 405(g)." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation marks omitted). However, the Court does not conduct a de novo review of the evidence. Instead, the Court's review of an SSA decision is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be

conclusive." 42 U.S.C. § 405(g); *see Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996) ("The duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court."); *see also Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986) ("We do not conduct a de novo review of the evidence, and the Secretary's finding of non-disability is to be upheld, even if the court disagrees, so long as it is supported by substantial evidence."). Therefore, the issue before the reviewing court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) ("Under the Social Security Act, [a reviewing court] must uphold the factual findings of the [ALJ] if they are supported by substantial evidence and were reached through application of the correct legal standard.").

Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks omitted); *see Hancock v. Astrue*, 667 F.3d 470, 472 (2012). It "consists of more than a mere scintilla of evidence but may be less than a preponderance." *Smith v. Chater*, 99 F.3d at 638. "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ]." *Johnson v. Barnhart*, 434 F.3d at 653 (internal quotation marks omitted). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]." *Id.* (internal quotation marks omitted).

### PLAINTIFF'S ARGUMENTS RAISED

At step three of the sequential evaluation, the ALJ in the present case found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the

severity of one of the listed impairments in 20 C.F.R. Pt. 404, Subpt P, App. 1. Plaintiff contends that the ALJ erred when he; (1) failed to provide a comparison of Plaintiff's impairments with Listing 3.02A at step three of the sequential evaluation process; and (2) failed to consider the effects of Plaintiff's obesity on her other impairments. Plaintiff's arguments are addressed below.

## DISCUSSION

### A. The ALJ Properly Evaluated the Medical Severity of Plaintiff's Impairments Pursuant to Step Three of the Sequential Evaluation.

At step three of the sequential evaluation, the "listed impairments" step, the ALJ must determine if the claimant's impairment(s) meet or equal one or more of the impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. Where a claimant can show that her condition "meets or equals the listed impairments," the claimant is entitled to a conclusive presumption that she is disabled within the meaning of the Social Security Act. *Bowen v. City of New York*, 476 U.S. 467, 471 (1986); *See McNunis v. Califano*, 605 F.2d 743, 744 (4th Cir.1979) (stating that the listings, if met, are "conclusive on the issue of disability."). The burden of proof is on the claimant to show that she meets all of the specified medical criteria of the relevant listed impairment. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

Where a claimant's impairment is not listed, then a claimant must establish symptoms, signs and laboratory findings "at least equal in severity and duration" to the listed impairment "most like" the claimant's impairment. 20 C.F.R. § 404.1526 ("Medical Equivalence"); *See* 20 CFR § 416.926(a) (a claimant's impairment is "equivalent" to a listed impairment "if the medical findings are at least equal in severity" to the medical criteria for "the listed impairment most like [the claimant's] impairment"). For a claimant to show that a particular impairment is medically equivalent to a particular listing, it must meet all of the specified medical criteria of a listing. *Sullivan v. Zebley*, 493 U.S. at 530. "An impairment that manifests only some of those criteria,

no matter how severely, does not qualify." *Id.* Likewise, a claimant cannot qualify for benefits under the "equivalence" step by showing that the overall functional impact of his unlisted impairment or combination of impairments is as severe as that of a listed impairment. SSR 83-19, at 91–92.

Particularly relevant to this claim is Listing § 3.02A, which specifically notes "chronic obstructive pulmonary disease" ("COPD") as one of the impairments covered under the listing. 20 C.F.R. Pt. 404, Subpt P, App. 1, § 3.02A. Pursuant to Listing § 3.02A, a claimant is entitled to a conclusive presumption that she is disabled if she can show that her disorder results in "chronic obstructive pulmonary disease, due to any cause, with the FEV1 [one-second forced expiratory volume] equal to or less than the values specified in table I corresponding to the person's height without shoes." *Id.* An analysis under Listing 3.02A is only triggered by a determination at step two of the sequential evaluation that the medical evidence supports a finding that Plaintiff suffers from COPD or a medically equivalent condition. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 3.02A.

In Plaintiff's case, the ALJ determined that Plaintiff suffered from the severe impairments of "asthma, obesity, peripheral edema and an affective disorder." Nonetheless, Plaintiff argues that the ALJ should have addressed Listing 3.02A ("Chronic obstructive pulmonary disease") at step three of the sequential evaluation based on the results of Plaintiff's first Pulmonary Function Lab test conducted on December 28, 2009.[2] The Court disagrees.

An ALJ is required to consider both impairments a claimant alleges, and those for which the ALJ receives evidence. 20 C.F.R. § 404.1512(a). Plaintiff did not specifically allege COPD

---

[2] The Pulmonary Function Lab Results on December 28, 2009 indicated that Plaintiff had post-measure FEV1 values of 0.64, 0.86, and 0.80 L and pre-measure FEV1 values of 1.21, 1.23, 1.04, and 1.26 L. and 1.11.[2] ECF No. 14 at 405-406.

in her application for DIB and SSI. *See* ECF No. 14 at 287. Additionally, the medical evidence presented was insufficient to support a finding that Plaintiff suffered from COPD. The introductory note to the Respiratory Impairments Listing provides that:

> The listings in this section describe impairments resulting from respiratory disorders based on symptoms, physical signs, laboratory test abnormalities, and response to a regimen of treatment prescribed by a treating source.
> ....
> Because th[e] symptoms [attributable to these disorders] are common to many other diseases, a thorough medical history, physical examination, and chest x-ray or other appropriate imaging techniques are required to establish pulmonary disease. **Pulmonary function testing is required to assess the severity of the respiratory impairment once a disease process is established by appropriate clinical and laboratory findings.**
> ....
> Respiratory impairments usually can be evaluated under these listings on the basis of a complete medical history, physical examination, a chest x-ray or other appropriate imaging techniques, and spirometric pulmonary function tests.

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 3.00 (emphasis added).

In this case, despite the results of Plaintiff's first Pulmonary Function Lab test, the medical evidence did not support the impairment Plaintiff now asserts. As the ALJ noted at step two of the sequential evaluation, "[a] January ECG was normal and a November 2008 chest x-ray did not reveal any active cardiopulmonary disease." ECF No. 14 at 39. In addition, Plaintiff did not receive a COPD diagnosis, despite repeated medical tests and examinations of Plaintiff for respiratory impairments. *See* ECF No. 14 at 44. The medical evidence of record demonstrates, and the ALJ noted, that Plaintiff sought treatment for asthma exacerbation on January 15, 2007, November 25, 2008, and June 25, 2009 and was discharged each time after testing revealed normal pulmonary function. *See Id* ("The claimant sought treatment for exacerbation of her asthma on January 15, 2007, and was discharged two days later following a normal ECG."); *See also Id* ("Following a normal pulmonary exam and chest x-ray, the claimant was discharged the following day in stable condition."); *See also Id* ("The Plaintiff suffered an

additional asthma exacerbation on June 25, 2009. Triage notes indicated that she was in no acute or respiratory distress, and her condition was noted as improved."). At no time did Plaintiff receive a diagnosis for COPD.

Furthermore, with regard to Plaintiff's first Pulmonary Function Lab test, the ALJ noted that "[a]ccurate results could not be obtained from a December 28, 2009 pulmonary function test due to poor effort and test quality, so the claimant underwent additional pulmonary function testing on January 27, 2010. Notes from this testing indicated that there was *no obstructive lung defect*, but the lab physician noted that there could be a possible restrictive ventilator defect." ECF No. 14 at 44 (emphasis added). Therefore, contrary to Plaintiff's assertions, the medical record does not establish that Plaintiff was afflicted with COPD. Notably, the ALJ did evaluate Plaintiff under Listing 3.03 ("Asthma") based on, not only Plaintiff's initial disability application, but also the medical records indicating that Plaintiff's respiratory symptoms were the result of asthma. ECF No. 14 at 39. Accordingly, the Court finds that the ALJ did not err in failing to evaluate Plaintiff's impairments under Listing 3.02A at step three of the sequential evaluation.

### B. The ALJ did not err in reaching the conclusion at step three of the sequential evaluation that Plaintiff's impairments did not meet or equal a listing impairment.

At step two of Plaintiff's sequential evaluation, the ALJ determined that Plaintiff suffered from the severe impairments of "asthma, obesity, peripheral edema and an affective disorder." ECF No. 14 at 39. At step three of the evaluation, the ALJ further concluded that:

> In the present case, I have considered whether the severity of the claimant's obesity meets or equals a listing but find that the claimant does not suffer from an inability to ambulate effectively. *Furthermore, the claimant does not have any significant pulmonary or heart problems to associate with obesity.* Accordingly, the claimant's obesity does not meet or equal a listing.

ECF No. 14 at 39 (emphasis added). Plaintiff argues that in reaching a conclusion at step three, the ALJ erred in failing to properly consider the effect of Plaintiff's obesity on other impairments as well as the combined effect of Plaintiff's impairments. The Court disagrees.

The introductory note to the Respiratory Impairments Listing provides that "when determining whether an individual with obesity has a listing-level impairment or combination of impairments, and when assessing a claim at other steps of the sequential evaluation process, including assessing an individual's residual functioning capacity, adjudicators must consider any additional and cumulative effects of obesity." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 3.00. Because obesity is not a separately listed impairment, a claimant will be deemed to meet the requirements if "there is an impairment that, in combination with obesity, meets the requirements of a listing." SSR 02–01p (2002). Equivalence may also be determined if a claimant has multiple impairments, including obesity, none of which meets the listing requirement, but which when viewed in the aggregate are equivalent to a listed impairment. *See Id.* Further, "[An ALJ] will not make assumptions about the severity or functional effects of obesity combined with other impairments. Obesity in combination with another impairment may or may not increase the severity or functional limitations of the other impairment. [The ALJ] will evaluate each case based on the information in the case record." *Id.*

Here, Plaintiff presented medical evidence of morbid obesity. *See* ECF No. 14 at 44 ("[t]he claimaint testified that she is 5'6" tall and weighs 345 pounds, which equates to a body mass index of 55.7 and is considered morbidly obese"). However, there was no medical evidence before the ALJ, and none in the record, which states that claimant's obesity exacerbated her asthma. Moreover, claimant did not present any doctor's testimony or medical evidence at her hearing of pulmonary or heart problems caused or effected by her obesity. In fact, the only

11

medical evidence contained in the record relating directly to obesity are doctor's notes observing that Plaintiff experienced limited range of motion due to her obesity. The Court therefore concludes that the ALJ did not err in concluding that Plaintiff's combined impairments did not meet or medically equal the severity of a listed impairment at step three of the sequential evaluation.

## CONCLUSION

In summation, the Court finds that the ALJ properly evaluated the evidence on record and provided substantial evidence in support of the finding that Plaintiff was "not disabled" within the meaning of the Social Security Act. Pursuant to 42 U.S.C. § 405(g), "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." Therefore, based on the foregoing, Plaintiff's Motion for Summary Judgment (ECF No. 20) is DENIED, Defendant's Motion for Summary Judgment (ECF No. 21) is GRANTED, and the decision of the Social Security Administration is AFFIRMED. The clerk is DIRECTED to close this case.

Date: July 11, 2016

A. David Copperthite
United States Magistrate Judge